UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERMAINE R.,

                Plaintiff,

v.                                                            1:19-CV-0855
                                                              (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC                           JUSTIN JONES, ESQ.
  Counsel for Plaintiff                                   KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                                   PADMA GHATAGE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 17.)[1]  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

---

[1]      In accordance with Standing Order dated November 18, 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

Plaintiff was born in 1975.  (T. 113.)  He completed the 11th grade.  (T. 249.) Generally, Plaintiff's alleged disability consists of "panic attacks," "social anxiety attacks," depression, and leg and back "pain."  (T. 114.)  His alleged disability onset date is December 1, 2010.  (T. 219.)  His date last insured is December 31, 2015.  (T. 113.)  His past relevant work consists of packer and banquet captain.  (T. 21.)

   B.      **Procedural History**

On January 20, 2016, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 219.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On April 9, 2018, Plaintiff appeared before the ALJ, B. Hannan.  (T. 72-112.)  On July 23, 2018, ALJ Hannan issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 10-28.)  On April 26, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.      **The ALJ's Decision**

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 13-23.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2015 and Plaintiff had not engaged in substantial

gainful activity since December 1, 2010.  (T. 15.)  Second, the ALJ found Plaintiff had

the severe impairments of: unspecified arthropathies, depression, and anxiety.  (*Id.*)

Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals

one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T.

16.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to

perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); except,

Plaintiff:

> can occasionally climb ramps, stairs, ladders, ropes, or scaffolds.  He can
> occasionally stoop, kneel, crouch, and crawl.  He is limited to simple,
> routine, and repetitive tasks, but cannot work at a production rate pace, (i.e.
> assembly line work).  [Plaintiff] is limited to simple work related decisions
> and to tolerating few changes in a routine work setting defined as
> performing the same duties at the same station or location day to day.
> [Plaintiff] can have occasional interaction with supervisors and occasional
> contact with co-workers with no tandem tasks or team type activities.  He
> can have no contact with the public.

(T. 18.)[2]  Fifth, the ALJ determined Plaintiff had no past relevant work; however, there

were jobs that existed in significant numbers in the national economy Plaintiff could

perform.  (T. 21-22.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on

the pleadings.  First, Plaintiff argues remand is necessary because the ALJ relied on her

---

[2]      Light work involves lifting no more than 20 pounds at a time with frequent lifting or
carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in
this category when it requires a good deal of walking or standing, or when it involves sitting most of the
time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full
or wide range of light work, you must have the ability to do substantially all of these activities. If someone
can do light work, we determine that he or she can also do sedentary work, unless there are additional
limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§
404.1567(b), 416.967(b).

own lay interpretation of the medical record and made her RFC determination without a medical opinion assessing Plaintiff's physical functioning.  (Dkt. No. 10 at 17-22.) Second, and lastly, Plaintiff argues remand is required because the ALJ ignored the opinion of Plaintiff's vocational counselor.  (*Id*. at 22-24.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 16.)

### B.      Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues substantial evidence supports the ALJ's RFC finding.  (Dkt. No. 15 at 6-16.)

## III.    RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity;
(2) whether the claimant has a severe impairment or combination of

impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   RFC Determination

Plaintiff argues the ALJ "rejected" the only medical opinion in the record and instead relied on her own interpretation of "raw medical evidence" in formulating Plaintiff's physical RFC.  (Dkt. No. 10 at 17.)  Plaintiff further argues the medical record was not "specific enough" for her to make a physical RFC determination without opinion evidence and she was required to further develop the record.  (*Id*.)  For the reasons outlined below, Plaintiff's arguments fail.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)[3].  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c).

---

[3]      Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  20 C.F.R. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

First, contrary to Plaintiff's assertion, the ALJ did not "reject" the only medical opinion in the record.  (Dkt. No. 10 at 18.)  The ALJ relied on the medical opinion of the consultative examiner, in addition to other evidence in the record, in formulating her physical RFC.  Therefore, Plaintiff's argument that the ALJ's RFC determination was the product of legal error because it was not supported by a specific medical opinion is without merit.

The medical opinion of consultative examiner Hongbiao Liu, M.D. supported the ALJ's RFC determination for a reduced range of light work.  Dr. Liu examined Plaintiff in March 2016 and opined Plaintiff had "mild limitations for prolonged walking, bending, and kneeling."  (T. 548.)  Contrary to Plaintiff's assertion, the ALJ did not "reject" Dr. Liu's opinion.  (Dkt. No. 10 at 18.)  The ALJ afforded the opinion "great weight" concluding the opinion was based on an in-person evaluation, supported by the results of the examination; however, the doctor did not define the term mild nor provide limitations in "vocationally relevant" terms.  (T. 20.)

The ALJ's RFC determination clearly incorporated the mild limitations opined by Dr. Liu "for prolonged walking, bending, and kneeling."  *See Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) (the ALJ's determination that plaintiff could perform light work was supported by consultative examiner's assessment of mild limitations for

prolonged sitting, standing, and walking); *see Cook v. Comm'r of Soc. Sec.*, No. 18-CV-0726, 2020 WL 1139909, at *3 (W.D.N.Y. Mar. 9, 2020) (rejecting plaintiff's argument the ALJ reached an RFC determination for light work absent a medical opinion where ALJ afforded weight to the consultative examiner's opinion plaintiff had mild to moderate limitations in prolonged walking, bending, and kneeling); *see also Grega v. Berryhill*, No. 17-CV-6596, 2019 WL 2610793, at *10 (W.D.N.Y. June 26, 2019) (light work not inconsistent with moderate exertional limitations).  In addition to Dr. Liu's opinion, the ALJ relied on Plaintiff's reports of pain and the doctor's observation of reduced range of motion on examination.  (T. 21.)

Second, even if the ALJ had rejected Dr. Liu's opinion, an ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").

Plaintiff argues the record was not sufficient to support the ALJ's RFC determination because "it did not contain specific evidence of Plaintiff's functioning." (Dkt. No. 10 at 19.)  However, the substantial evidence standard does not require that the ALJ's RFC correspond to specific evidence.  Substantial evidence "means - and

means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Here, substantial evidence from the record as a whole supported the ALJ's RFC determination. *See Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (the ALJ is obligated to formulate a claimant's RFC based on the record as a whole, not just upon the medical opinions alone). The ALJ concluded based on the record, including Plaintiff's activities, medical opinion evidence and other evidence, he could perform a reduced range of light work. (T. 20-21.)

The ALJ relied on Plaintiff's statements concerning his abilities and limitations, which were consistent with the demands of light work. (T. 19.) Indeed, Plaintiff reported to the consultative examiner he could lift 40 pounds. (T. 546.) In his written disability report, Plaintiff indicated his impairments did not affect his ability to lift, sit, kneel, squat, or reach. (T. 260.) Plaintiff indicated standing caused dizziness "sometimes." (*Id*.) When asked how far he could walk, Plaintiff answered he "walke[ed] fast to hurry and get where [he's] going." (T. 261.) He indicated he did not need to rest before he continued walking. (*Id*.) The ALJ also relied on objective treatment observations and imaging. (T. 19.) The ALJ noted observations of decreased range of motion of lumbar spine, negative straight leg raises, normal gait, and full muscle strength. (T. 19, 548.) The ALJ also considered physical examinations showing positive straight leg raises. (T. 19, 559.)

Therefore, the RFC for a reduced range of light work was supported by substantial evidence in the record which a reasonable mind might accept as adequate to support a conclusion, including Plaintiff's testimony, medical opinion evidence, and objective evidence.  *Biestek,* 139 S. Ct. at 1154; *see Trepanier,* 752 F. App'x at 77 (RFC for medium work supported by record as a whole).

Plaintiff's argument, that the ALJ was required to further develop the record, also fails.  (Dkt. No. 19 at 20.)  Plaintiff asserts, the ALJ impermissibly relied on her own lay interpretation of medical evidence and left a gap in the record requiring further development.  (*Id*.)  However, as already concluded herein, the ALJ did not impermissibly rely on her own lay interpretation of raw medical data in formulating the RFC.  Here, the ALJ relied on the record as a whole, including Dr. Liu's medical opinion. Therefore, the ALJ was not required to develop the record any further because the evidence already presented was "adequate for [the ALJ] to make a determination as to disability."  *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

Overall, the ALJ is required to apply the correct legal standard and support her determination with evidence which a "reasonable mind might accept as adequate to support a conclusion."  *Biestek,* 139 S. Ct. at 1154.  Here, the ALJ did just that.  The ALJ properly outlined the medical opinion and other evidence in the record and concluded such evidence supported an RFC for light work with additional non-exertional limitations.  A review of the evidence and the ALJ's written decision supports the conclusion that a reasonable mind might accept such evidence as adequate to support the ALJ's determination; therefore, the ALJ's RFC is upheld.

B.      **Vocational Counselor**

Plaintiff argues the ALJ committed legal error warranting remand because she

failed to discuss or weigh the statement provided by vocational counselor, Erik Locke.

(Dkt. No. 10 at 22-24.)  Plaintiff argues this error harmed Plaintiff because the counselor

provided "additional limitations" not included in the RFC.  (*Id*. at 24.)

As an initial matter, vocational rehabilitation counselors are not acceptable

medical sources.  There are five categories of "acceptable medical sources."  20 C.F.R.

§§ 404.1513(a), 416.913(a).  Vocational counselors are not included within those

categories.  Therefore, vocational counselors' opinions may be considered as to the

severity of a plaintiff's impairment and ability to work, but their conclusions are not

entitled to any special weight.  20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *see Genier*

*v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) ("[T]he ALJ is certainly free to consider

the opinions of these "other sources" in making his overall assessment of a claimant's

impairments and residual abilities, those opinions do not demand the same deference

as those of a treating physician.").  Indeed, Mr. Locke's statement was not included in

the medical records section of the transcript.  (Dkt. No. 6.)

To be sure, the ALJ did not discuss Mr. Locke's notations in her written decision.

(T. 13-23.)  It is well-settled that "[a]n ALJ does not have to state on the record every

reason justifying a decision" and "[a]n ALJ's failure to cite specific evidence does not

indicate that such evidence was not considered."  *Brault v. Soc. Sec. Admin., Comm'r*,

683 F.3d 443, 448 (2d Cir. 2012) (citing *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir.

1998)).  However, Courts in this district have found failure to discuss vocational

counselor's statements an abuse of discretion requiring remand.  *See Howard v.*

11

*Comm'r of Soc. Sec.*, 203 F. Supp. 3d 282, 301 (W.D.N.Y. 2016).  Although the ALJ did not explicitly discuss or weigh the vocational counselor's assessment in her RFC analysis, any error would be harmless because the ALJ's RFC was consistent with the limitations provided by the counselor.

In December 2015 Mr. Locke, a vocational rehabilitation counselor, completed a "Referral Form."  (T. 302-304.)  Mr. Locke indicated Plaintiff had problems with social interactions, working in a group, initiative, and judgment.  (T. 303.)  Mr. Locke stated Plaintiff met the "significantly disabled criteria" and suggested work in cleaning/janitorial occupations.  (T. 303-304.)

Mr. Locke's opinion is entirely consistent with the RFC, and therefore any lack of discussion of the statement is harmless error.  *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (explaining that remand for an error is unnecessary where reconsideration, in light of the proper legal standards, would lead to the same conclusion previously reached).  In addition, Mr. Locke ultimately suggested Plaintiff seek work in "cleaning/janitorial" occupations, indicating despite impairments Plaintiff was capable of work.  (T. 304.)

The non-exertional limitations provided by the ALJ were consistent with Mr. Locke's statements.  The RFC limited Plaintiff to simple, routine, repetitive work, but no production rate pace; simple work decisions; and few changes in routine.  (T. 18.)  The RFC further limited Plaintiff to only occasional interaction with supervisors, occasional contact with coworkers with no tandem tasks or team activities, and no contact with the public.  (*Id*.)  The limitations provided by the ALJ fully encompass the limitations provided by Mr. Locke.  Further, the ALJ determined Plaintiff could perform the

occupation of cleaner, which is consistent with Mr. Locke's recommendation Plaintiff seek work in cleaning/janitorial occupations.  (T. 22, 304.)  Therefore, any error in specifically discussing the non-medical statement provided by the vocational counselor was harmless because the ALJ's RFC encompassed the limitations identified by the counselor.

In sum, the ALJ did not impermissibly rely on her own lay interpretation of the record in formulating the RFC determination.  Although the RFC did not mirror a specific medical opinion in the record, and although the treatment notations did not contain specific functional limitations, substantial evidence supported the ALJ's determination. Further, the ALJ's RFC determination contained limitations expressed by the vocational counselor and therefore any error in failing to discuss his statement was harmless.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      December 14, 2020

William B. Mitchell Carter
U.S. Magistrate Judge